John A. Beeber, Receiver of the Lycoming Fire Insurance Company, Pltff. in Err., v. Lorenz Papst and Christopher Lougendorfer, Trading as Papst & Lougendorfer.

Forgery is not susceptible of ratification.

The acceptance of a policy of insurance containing a recital that the insured has become a member of the company, by depositing, in addition to the cash premium paid, a certain described premium note, subject to assessment by the directors of the company, does not, in an action on the note to recover an assessment, estop the insured to assert that the note was forged.

(Argued January 21, 1887. Decided January 31, 1887.)

January Term, 1887, No. 38, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to Common Pleas No. 1 of Philadelphia County to review a judgment on a verdict for the defendants in an action of assumpsit. Affirmed.

NOTE.—There can be no ratification of a forged instrument. Shisler v. Vandike, 92 Pa. 447, 37 Am. Rep. 702; McHugh v. Schuylkill County, 67 Pa. 391, 5 Am. Rep. 445. The second trial of the former case is reported in 16 Phila. 4.

At the trial before BIDDLE, J., the following facts appeared:

On or about May 1, 1879, an insurance broker brought to the agent of plaintiff two premium notes for $300 and $160 respectively, and two applications for policies of insurance. The premium notes and applications had the signatures "Papst & Lougendorfer" properly attached. The plaintiff's agent thereupon delivered two policies to the insurance broker, in accordance with the applications and premium notes. The one policy was a transfer of an old one dated July 15, 1878, for five years (first issued to Papst & Kraus), to Papst & Lougendorfer. The other was a new policy issued to defendants, for five years from May 1, 1879.

On May 1, 1879, an assessment known as No. 37, of 10 per cent, was levied upon the one note for $300 (upon which the old policy of Papst & Kraus was transferred to Papst & Lougendorfer) ; and this assessment was paid August 9, 1879.

On February 25, 1880, an assessment known as No. 38, of 6 per cent, was levied upon each of these notes, notice given the defendants, and they were also paid.

On April 15, 1880, an assessment known as No. 39, of 12½ per cent, was levied by the board of directors of plaintiff upon each of these notes; and on May 14, 1880, another assessment known as No. 40, of the same amount, was levied in the same way on each of the notes, and notice of these assessments and a request for their payment were given the defendants.

On October 8, 1881, the receiver, by a decree of the court of common pleas of Lycoming county, levied another assessment, known as the receiver's assessment, of 20 per cent, upon each of these notes, and notice was again given the defendants. Upon defendant's failure to pay the last three assessments, this suit was brought upon the notes.

The plaintiff offered in evidence the act of incorporation of the company and its by-laws, and properly proved the levying of the assessments. He then proved the giving of notice of the assessments in suit, and the payment of two former assessments upon the note of $300 and of one former assessment upon the note of $160. He then, having previously given the proper notice, called on the defendants to produce their policies; and on their failure to do so offered in evidence a blank form of policy, such as was filled up and delivered to the defendants, which, after objection, was admitted in evidence. He then

offered in evidence the two notes and applications, which were also admitted after objection. The plaintiff then closed.

The defendants opened their case by offering in evidence the deposition of Papst, one of the defendants, in which he denied ever signing the notes or applications, or authorizing anyone else to .do so. Lougendorfer, the other defendant, then testified that he bought out Kraus, the former partner, on December 12, 1878.

A few months afterwards, a gentleman came and induced him to have the old policy transferred to the new firm, and to take out an additional policy for $800 for the new firm. The old policy was transferred to the new firm, and a new policy was issued to the new firm. He said that nothing was said about premium notes, that he never knew there was anything of that kind, and that he would have refused to sign any notes if they had been produced. He denied that he signed the notes, or that he had ever authorized anyone else to do so. When he paid the assessment of $30, he did not know it was on notes. He admitted that the signature at the top of the application was written by him, but denied that the signature at the bottom of it was his. He signed the application at the top because the insurance broker told him to, and for the purpose of getting the policies. He never read the policies.

Defendants then closed.

The plaintiff submitted the following point:

"If the jury believe that the defendants accepted policies of insurance containing the following provisions, as in the form offered in evidence, *viz.:* 'And the said assured have become members of the said company by depositing, in addition to the cash premium paid, two premium notes for the sums of $300 and $160, subject to assessment at such times as the board of directors may, by the act of incorporation, require,' they are now estopped from denying the execution of the said notes."

The court answered the point thus:

"It is the duty of the company to demand or obtain the notes, and if it chooses to waive them and issue the policy without obtaining the notes, it is at its own risk; and it cannot recover in this suit unless the jury are satisfied that the notes were executed by the defendants."

Verdict and judgment for defendants. This answer was assigned as error.

*Dimner Beeber,* for plaintiff in error.—Under the circumstances it is very clear that the broker was the agent of the defendants to procure the policies, and they are bound by his acts and conduct in accomplishing that end. Pottsville Mut. F. Ins. Co. v. Minnequa Springs Improv. Co. 100 Pa. 137; Standard Oil Co. v. Triumph Ins. Co. 64 N. Y. 85.

Recitals in insurance policies are as binding upon the insured as upon the insurer. Swan v. Watertown F. Ins. Co. 96 Pa. 37; Susquehanna Mut. F. Ins. Co. v. Swank, 102 Pa. 17.

Where one accepts a policy which contains a clause declaring that the policy is made and accepted upon and in reference to the application, he is thereby concluded from denying that the application is his, and cannot set up that it was made by an agent employed by him to procure insurance upon his property, but without authority to bind him by representations in the application. Draper v. Charter Oak F. Ins. Co. 2 Allen, 569.

In all cases where an act is done or a statement made by a party, the truth or efficacy of which it would be a fraud on his part to controvert or impair, the character of an estoppel shall be given to what would otherwise be mere matter of evidence. Com. v. Moltz, 10 Pa. 527, 51 Am. Dec. 499.

*Frederick Gaston* and *John E. Faunce,* for defendants in error.—The suit is upon the notes. The making and delivery of the notes by the defendants became the issue which the jury were sworn to try. Any acceptance, therefore, by the defendants, of a policy of insurance, even if true as alleged, was but a matter of evidence to be submitted to the jury along with the other evidence in the cause. Com. v. Moltz, 10 Pa. 527, 51 Am. Dec. 499; Davidson v. Barclay, 63 Pa. 407.

In an action upon a promissory note it is not competent to show that the defendant was estopped from setting up the defense of forgery to the note in suit by proving that he had paid other forged notes or recognized them to be valid. Cohen v. Teller, 93 Pa. 123.

PER CURIAM:

The plaintiff claimed to recover on certain premium notes alleged to have been given by the defendants to the Lycoming Fire Insurance Company. The evidence shows that the signatures of the defendants to the notes and to the applications were

forged. They were signed without any authority from the defendants, and the signatures were not ratified by them.

It follows this judgment is right.

Judgment affirmed.